**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **SAN JUANA C.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **EP-22-CV-00451-RFC** |
| | § | |
| **KILOLO KIJAKAZI, Acting** | § | |
| **Commissioner of the Social Security** | § | |
| **Administration,** | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff San Juana C. ("San Juana") appeals from the decision of the Acting Commissioner of the Social Security Administration, denying her claims for disability insurance benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI. Upon both parties' consent to proceed before a U.S. Magistrate Judge, the Honorable U.S. District Judge Frank Montalvo transferred this case to the undersigned to conduct all proceedings pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Rules. (ECF No. 14.) For the following reasons, the Court finds that the Commissioner's decision should be **AFFIRMED**.

## I. PROCEDURAL HISTORY

On or about July 7, 2020, San Juana filed a DIB application and an SSI application alleging disability beginning on November 20, 2019, due to vertigo; migraines; anxiety; depression; back pain; and gastritis. (R:28, 119, 131.) The disability onset date was later amended to November 23, 2019. (R:28.)

San Juana's applications were initially denied on or about December 30, 2020 (R:28, 118–43, 185–96) and again upon reconsideration on or about June 17, 2021 (R:28, 144– 79, 201–05,

207–10.)  Upon San Juana's request, Administrative Law Judge ("ALJ") Ilene Kramer conducted

a telephonic hearing on March 3, 2022.  (R:28, 44–60.)  On March 16, 2022, the ALJ issued an

unfavorable decision.  (R:22–42.)  The Appeals Council denied San Juana's request for review on

October 20, 2022.  (R:8–15.)  Thus, the ALJ's decision became the Commissioner's final decision

in San Juana's case.  (R:8); *see* 42 U.S.C. §§ 405(g), 1383(c).

## II.  DISCUSSION

### A.  Standard of Review

Judicial review of the Commissioner's decision is limited to a determination of whether

(1) the Commissioner's final decision is supported by substantial evidence on the record and (2)

the Commissioner applied the proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3);

*Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457,

461 (5th Cir. 2005)).

Substantial evidence is more than a scintilla but less than a preponderance and is "sufficient

for a reasonable mind to accept as adequate to support a conclusion."  *Spellman v. Shalala*, 1 F.3d

357, 360 (5th Cir. 1993).  To determine whether substantial evidence supports the Commissioner's

decision, courts weigh "four elements of proof": "(1) objective medical facts; (2) diagnoses and

opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and

disability; and (4) his age, education, and work history."  *Martinez v. Chater*, 64 F.3d 172, 174

(5th Cir. 1995).  A court must "scrutinize the record" but "may not reweigh the evidence, try the

issues de novo, or substitute [the court's] judgment for that of the [Commissioner]."  *Haywood v.*

*Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989) (per curiam); *see also Perez v. Barnhart*, 415 F.3d

457, 461 (5th Cir. 2005) ("Conflicts of evidence are for the Commissioner, not the courts, to

resolve.").  "A finding of no substantial evidence is appropriate only if no credible evidentiary

choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (internal quotes and citations omitted). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Perez*, 415 F.3d at 461.

A court's finding of legal error requires either automatic reversal or harmless error analysis, depending on the steps taken by the ALJ to reach the final decision. *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021); *see infra* Section II.B. Broadly, "[h]armless error exists when it is inconceivable that a different administrative conclusion would have been reached . . . if the ALJ did not err." *Keel*, 986 F.3d at 556. Courts apply harmless error analysis "to preserve judgments and avoid waste of time." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam) ("Procedural perfection in administrative proceedings is not required.").

## B. Evaluation Process

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 416(i). An ALJ evaluates disability claims according to a five-step sequential process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable impairment; (3) whether the claimant's impairment meets or medically equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Between steps three and four, the ALJ determines the claimant's "residual functional capacity" ("RFC"). *Id.* §§ 404.1520(e), 416.920(e). The RFC "is the most [the claimant] can still

do" despite the limitations caused by her physical and mental impairments.  *Id.* §§ 404.1545(a)(1), 416.945(a)(1).  The ALJ then considers the RFC to make the step four and step five determinations. *Id.* §§ 404.1520(e), 416.920(e).

At the first four steps, the claimant bears the burden of proving that she is disabled.  *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987).  If the claimant meets this burden, at step five the burden shifts to the Commissioner "to show that there is other substantial gainful employment available that the claimant is capable of performing."  *Id.* at 1301–02.  If the Commissioner satisfies this burden, "the burden then shifts back to the claimant to prove that [s]he is unable to perform the alternate work."  *Id.* at 1302.

## C.  The ALJ's Findings

In this case, at step one, the ALJ found that San Juana had not engaged in substantial gainful activity since November 23, 2019, the amended disability onset date.  (R:31.)  At step two, the ALJ found that San Juana had a severe impairment of degenerative disc disease of the lumbar spine.  (R:31–34.)  At step three, the ALJ found that San Juana did not have an impairment that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R:34.)

For San Juana's RFC, the ALJ determined that San Juana could perform light work with the following limitations:

> lifting/carrying (and pushing/pulling) 20 pounds occasionally and 10 pounds frequently, standing and/or walking for a total of at least 6 hours in an 8-hour workday and sitting for a total of at least 6 hours in an 8-hour work day, except the claimant is limited to frequent climbing, balancing, stooping, kneeling, crouching, and crawling; should avoid work around hazards and concentrated exposure to dusts, gases, or pulmonary irritants.

(R:34–35.)[1]

At step four, the ALJ found that San Juana's RFC did not preclude her from performing her past relevant work as a fast-food worker.  (R:37–38.)  Therefore, the ALJ concluded, San Juana was not disabled from the amended disability onset date through the date of the ALJ's decision.  (R:38.)[2]

## D.  Analysis

San Juana argues that the ALJ's decision should be reversed because the ALJ violated San Juana's right to procedural due process and the requirements of 20 C.F.R. § 404.935(a).  (ECF No. 15:8.)  At the hearing, the ALJ ordered that the record be held open for thirty days following the hearing "to allow [San Juana] an opportunity to submit additional records."  (*Id.* at 4) (citing R:28).  However, the ALJ closed the record after thirteen days, upon issuance of her decision.  (*Id.* at 5.)  San Juana argues that this amounts to legal error, as a violation of both procedural due process and 20 C.F.R. § 404.935(a).  (*Id.* at 8.)  San Juana says that she was prejudiced by the error because "the record remains incomplete" and because her counsel "was unable to submit a subpoena request as a result of ongoing difficulties obtaining the medical evidence that was being sought."  (*Id.* at 10.)

In response, the Commissioner argues that San Juana fails to show prejudice from the alleged error because, while she "points to the source of evidence, Project Vida Health Center" ("Project Vida"), she "does not show what evidence would have been obtained had the ALJ not decided the case early."  (ECF No. 16:4) (citing R:378).  The Commissioner also points out that

---

[1] A "light work" job "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and either "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. §§ 404.1567(b), 416.967(b).

[2] The ALJ determined that San Juana would remain insured through September 30, 2020, so for DIB purposes, San Juana had to establish disability on or before that date.  (R:29.)

evidence already provided by Project Vida focuses on San Juana's mental limitations, and San Juana "has not shown that the evidence she planned to obtain . . . was not duplicative of the record or the other evidence of mental limitations." (*Id.* at 4–5.) Further, the Commissioner notes that "there is no evidence that Plaintiff actually obtained the records sought . . . , nor did she attempt to provide them to the Appeals Council." (*Id.* at 5.) Accordingly, says the Commissioner, San Juana fails to meet her burden of showing prejudice because she does not show "that she could and would have adduced evidence that might have altered the result." (*Id.*) (citing *Cary v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000)).

In reply, San Juana emphasizes that "[t]he only way to obtain [the records] would be with a subpoena[,] since all other efforts failed." (ECF No. 17:2–3.) And San Juana's opportunity to file a subpoena request was cut short when the ALJ issued her decision before the thirty-day extension period expired. (*Id.* at 2.) San Juana frames the prejudice as "the fact that the ALJ made a promise and then recanted that promise without any warning or notice to the parties." (*Id.* at 4.) Additionally, San Juana notes that her counsel filed a brief "raising this very issue" with the Appeals Council, which was not produced in the record but is attached to San Juana's Reply Brief. (*Id.* at 3); *see* (ECF No. 17-1).

The Court finds that the ALJ failed to follow the Social Security Administration's *Hearings, Appeals, and Litigation Law Manual* ("HALLEX") procedures by cutting short the allotted thirty-day window for additional evidence. HALLEX "conveys guiding principles, procedural guidance, and information to [Social Security Administration] hearing level and Appeals Council staff." HALLEX § I-1-0-1; *see Schofield v. Saul*, 950 F.3d 315, 322 (5th Cir. 2020) (noting that HALLEX "provides subregulatory guidance to ALJs adjudicating claims"). Although HALLEX "does not carry the authority of law," the Fifth Circuit has held that an ALJ's

failure to follow HALLEX procedures warrants remand if prejudice results.  *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000).

HALLEX § I-2-7-20 states that, should the ALJ allow additional time to submit evidence after the hearing, the ALJ will "[s]et a time limit for submitting the evidence" and "[i]nform the claimant . . . that if the ALJ does not receive the evidence within the set time limit, the ALJ will issue a decision without considering the evidence (absent a showing that the circumstances in 20 CFR 404.935(b) and 416.1435(b) apply)."  HALLEX § I-2-7-20(A).  If the claimant "does not submit the evidence or show that the circumstances in 20 CFR 404.935(b) or 416.1435(b) apply," the ALJ "will issue a decision without the additional evidence."  HALLEX § I-2-7-20(B).

Here, at the hearing, San Juana's attorney informed the ALJ that the record was incomplete. (R:50) (noting the attorney's statement that "[a]t Exhibit 13E, we have noted that her private doctor has not yet sent their evidence to us").  The ALJ then stated that her "standard operating procedure is to hold the record open for 30 days to obtain that evidence.  If it doesn't come in within 30 days, I proceed to make my decision, but if there's some basis for seeking an extension, you can write a good cause letter."  (*Id.*)  But the ALJ issued her decision only thirteen days after the hearing. (R:38, 44.)  By issuing her decision early, without waiting to see if San Juana submitted the evidence within the allotted time window, the ALJ failed to follow HALLEX § I-2-7-20.

A violation of the ALJ's own procedures is not sufficient for reversal if there is no accompanying prejudice.  *Shave v. Apfel*, 238 F.3d 592, 596–97 (5th Cir. 2001) (citing *Newton*, 209 F.3d at 459).  "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision."  *Ripley v. Chater*, 67 F.3d 552, 557 n.22 (5th Cir. 1995).  It is not a requirement that the plaintiff produce the actual records in question to show prejudice.  *Hyde v.*

*Astrue*, No. 07-30748, 2008 U.S. App. LEXIS 10228, at *10 (5th Cir. May 12, 2008).  However, a mere allegation that beneficial evidence might have been collected if not for the error is not enough.  *Id.* at *11 ("Something more then [sic] a speculative assertion that medical records might exist and might clarify earlier records is necessary, such as perhaps a statement from the doctor that such records exist and do confirm an earlier diagnosis."); *Jones v. Astrue*, 691 F.3d 730, 735 (5th Cir. 2012) (noting that a "mere allegation that additional beneficial evidence might have been gathered had the error not occurred is insufficient" to show prejudice).  The party seeking to overturn the Commissioner's decision has the burden of establishing prejudice from an error. *Jones*, 691 F.3d at 734–35.

Here, San Juana has not shown prejudice because she fails to establish that additional evidence would have been produced that would lead to a different outcome.[3]  San Juana asserts that the records in question exist, but she does not provide any evidence of what they contain, even though the records are of her own medical history.  Her mere assertion that she was harmed because the ALJ did not have her complete medical records, without further explanation as to what the additional records would contain and how they might contribute to a different outcome, is not

---

[3] The Court separately considers the ALJ's duty "to develop the facts fully and fairly relating to an applicant's claim for disability benefits."  *Ripley*, 67 F.3d at 557.  This duty does not "requir[e] the ALJ to obtain all of a claimant's medical records before reaching a decision."  *Sun v. Colvin*, 793 F.3d 502, 509 (5th Cir. 2015).  The duty is "one of developing 'all relevant facts,' not collecting all existing records."  *Id.* (quoting *Castillo v. Barnhart*, 325 F.3d 550, 552–53 (5th Cir. 2003) (per curiam); *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (per curiam)).  If all evidence received by the ALJ is consistent and sufficient, the ALJ will make a determination based on that evidence.  20 C.F.R. § 404.1520b(a).

Here, the ALJ had sufficient consistent evidence to make her determination.   The record indicates that medical records were already obtained from Project Vida, dated April 15, 2020, to October 14, 2020.  (R:415–37.)  The ALJ cited these records in finding San Juana's mental limitations not severe.  (R:32–33.)  She also compared these records to those from Family Service of El Paso and University Medical Center.   (R:33) (citing R:500–01, 503, 604).  Therefore, the ALJ met her duty to develop the facts fully and fairly.

enough to establish prejudice.  *Jones*, 691 F.3d at 735.  Thus, the Court finds that the ALJ's error is harmless and does not call for remand.[4]

### III. CONCLUSION

For the foregoing reasons, the Court **ORDERS** that the decision of the Commissioner be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).

**SIGNED** this 31st day of August, 2023.

_____

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] San Juana's argument that the ALJ violated 20 C.F.R. § 404.935(a) also fails without a showing of prejudice. *Knight v. Kijakazi*, No. 22-60539, 2023 WL 234769, at *3–4 (5th Cir. Jan. 18, 2023) (per curiam).